```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 5/11/23
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

NZELO OKAFOR,

                  Plaintiff,

-against-

UNITED STATES OF AMERICA,

                  Defendant.

23-CV-3544 (LAK)

ORDER DIRECTING PAYMENT OF FEES
OR IFP APPLICATION AND PRISONER
AUTHORIZATION

LEWIS A. KAPLAN, United States District Judge:

    Plaintiff, who is incarcerated at FCI Jesup, brings this *pro se* action in which he seeks relief under Rule 41(g) of the Federal Rules of Criminal Procedure. To proceed with a civil action in this court, Plaintiff must pay $402.00 in fees – a $350.00 filing fee plus a $52.00 administrative fee – or, to request authorization to proceed without prepayment of fees, submit a signed *in forma pauperis* ("IFP") application and a prisoner authorization.[1] *See* 28 U.S.C. §§ 1914, 1915.

    Plaintiff submitted this Rule 41(g) motion in his criminal case, but he did not include an IFP application and prisoner authorization or pay the filing fees. By order dated April 27, 2023, the Court directed the Clerk of Court to open the motion as a new civil action. (ECF No. 1.)

---

[1] The Prison Litigation Reform Act requires a court to collect the $350.00 filing fee in installments deducted from a prisoner's account. *See* 28 U.S.C. § 1915(b)(1). A prisoner seeking to proceed in this court without prepayment of fees must therefore authorize the court to withdraw these payments from his account by filing a "prisoner authorization," which directs the facility where the prisoner is incarcerated to deduct the $350.00 filing fee from the prisoner's account in installments and to send to the Court certified copies of the prisoner's account statements for the past six months. *See* 28 U.S.C. § 1915(a)(2), (b). The $52.00 administrative fee for filing a civil action does not apply to persons granted IFP status under 28 U.S.C. § 1915.

## CONCLUSION

Accordingly, the Court directs Plaintiff to pay the $402.00 in filing fees or submit an IFP application and prisoner authorization, within thirty days of the date of this order. If Plaintiff submits the IFP application and prisoner authorization, they should be labeled with docket number 23-CV-3544 (LAK). If the Court grants the IFP application, Plaintiff will be permitted to proceed without prepayment of fees. *See* 28 U.S.C. § 1915(a)(1).

No responsive pleading shall be required at this time. If Plaintiff complies with this order, the case shall be processed in accordance with the procedures of the Clerk's Office. If Plaintiff fails to comply with this order within the time allowed, the action will be dismissed.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that appellant demonstrates good faith when seeking review of a nonfrivolous issue).

SO ORDERED.

Dated: 5/11/23
New York, New York

_____
LEWIS A. KAPLAN
United States District Judge

2